Ranney, J.
Whether the special plea, interposed as a bar to •this action, is sufficient, must depend upon the construction of several sections of the administration law. By section 45, it is made the duty of the appraisers to set off, from the property of the decedent, provisions or other property sufficient to support the widow, -and children under fifteen years of age, if any, for the period of one year. If there is not sufficient personal property, or property of a suitable kind, they are required by section 46, to certify .what sum, or what further sum, in money is necessary for the support of such widow and children for that time; and in either case, the property or money, thus sot off and allowed, is to be returned •in a separate schedule, and not included in the general inventory. The court to which it is returned, is authorized, upon the petition -of the widow, or other person interested, to review the allowance, and increase or diminish -the same, and make such order as it shall deem right and proper. By section 83, the executor or administrator is required to *pay the sum thus certified, or ultimately fixed by the court, next after paying the funeral expenses, those of the last sickness, and the expenses of administration, and before anything is applied to the payment of other claims. In this case, no application was made to the probate *296 court to increase or diminish the allowance; and, consequently,, the action of the appraisers was final. But it is averred in the plea, and admitted by the demurrer, that enough of the allowance was paid to support the widow until her death ; and the question now arises, whether the balance may be recovered by her personal representative.
After a careful examination of the subject, we are of opinion that it may be; or, at least, that the plea is no bar to the present action. A different construction would often lead to serious difficulties, and, as it seems to us, would be interpolating into the statute a contingency never contemplated by the legislature. In cases where sufficient personal property, of a suitable kind, exists, from which the allowance is taken, it is undeniably clear, that it goes immediately into the hands of the widow, and is disposed of at her pleasure, and as her absolute property. In fixing the amount, in all eases, the children dependent upon her for support, are taken into the account; so that the death of a child might raise the same question as the death of the widow. We can see no reason to suppose, that it was ever intended to allow a recovery back of any part of the amount, upon the happening of such a contingency; and quite as little, that it was intended, where the property of the estate does not admit of the appropriation of specific articles, to place the widow in a worse situation, by making such an unequal and unjust discrimination. To allow such a deduction, either by giving an action to the administrator to recover it back where it has been paid, or by permitting, him to withhold it where it has not, is to introduce the most perplexing uncertainty as to the rights of the widow and the duties of the administrator, and to withdraw the whole matter from the appropriate tribunal, to the assessment and discretion of a jury.
*With the construction we adopt, the rights and duties of all concerned are clear, definite, and fixed. It gives to the widow and children a paramount claim upon enough of the estate to support them for one year, over creditors and distributees; and where it has been- fixed or set apart by the appraisers, or by the court on review, effectually withdraws it from the balance of the estate, and has all the force and effect of an adjudication in their favor. It confers a vested right of property, conclusively disposes of so much of the estate, and leaves no discretion to the administrator as to complying with it, and no responsibility upon him, to creditors or distributees, for thus complying. In the language of the statute, it is *297 “setoff” from the estate, and “allowed” to the widow and children. The case of Adams v. Adams, 10 Met. 170, cited by defendant’s counsel, is in no way decisive of this. By the statute of Massachusetts, the probate court makes the allowance in the first instance, subject to an appeal from his decision. In that case an appeal had been taken, which vacated the order of the probate-court, and before the hearing in the appellate court, the widow died. There was, consequently, no amount allowed at her death, and the-court hold that they could not go on and make the allowance at the instance of her executor, and that no vested right existed until the amount was fixed. This may all be very correct, and still have no-bearing upon a case where the personal representative of the widow is not proceeding to obtain an order fixing the amount, but to recover the amount fixed and allowed in her lifetime. We have not found it necessary to consider, whether the probate court might,, upon a petition filed under section 48, take into consideration such circumstances, transpiring after the action of the appraisers, as-tended to show that the amount ought to be increased or diminished ; or whether the court should be confined- to the consideration only of the correctness of the decision made by them, and we therefore express no opinion upon that subject.
The demurrer must be sustained.